Paul A. Carbon, Esq., Attorney ID: 024401995
Patrick F. Kelly, Esq., Attorney ID: 307002020
**MARGOLIS EDELSTEIN**
400 Connell Drive
Suite 5400
Berkeley Heights, NJ  07922-2775
(908) 790-1401
Attorney for Defendants, Sam Spitz, CPA, and SKE Group, LLC
PAC/ 27500.5-00144

| | |
|---|---|
| RUSSEL L. NYPE and REVENUE PLUS, LLC | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiffs, | Civil Action No. 3:20-cv-13680 |
| v. | |
| SAM K. SPITZ, CPA and SKE GROUP, LLC | |
| Defendants. | |

### DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS

Of Counsel and on the Brief:
Paul A. Carbon, Esq.

On the Brief:
Patrick F. Kelly, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

LEGAL ARGUMENT ............................................................................................................. 2

POINT I
Plaintiffs' Negligence, Negligence *Per Se*, and Spoliation Claims Must be Dismissed Because Plaintiffs Cannot Establish Privity with Defendants Pursuant to the New Jersey Accountant's Liability Act, N.J.S.A. 2A:53A-25 to Assert Those Claims, As a Matter of Law. ........................ 2

POINT II
Plaintiff's Spoliation Claim Must be Dismissed Because Spoliation is Not An Independent Cause of Action and Plaintiff Fails to Plead Fraudulent Concealment. ..................................................... 4

    1. A Claim for Negligent Spoliation is Decided Under a Traditional Negligence Claim, Which Plaintiffs Have Separately Plead. ..................................................................................... 4

    2. Plaintiff Fails to Plead A Cause of Action for Fraudulent Concealment ............................ 5

POINT III
The Complaint Must Be Dismissed Under the Nevada Laws and the Doctrine of Claim Preclusion ................................................................................................................................. 7

POINT IV
The Entire Controversy Doctrine Bars this Action……………………………………………10

POINT V
Plaintiffs Fail to Sufficiently Plead the Elements of Civil Conspiracy ....................................... 12

POINT VI
Plaintiffs Fail to Sufficiently Plead the Elements of Negligence *Per Se* ..................................... 14

CONCLUSION……………………………………………………………………………..15

# TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Page(s)**

Adelman v. BSI Fin. Servs., Inc., 453 N.J. Super. 31 (App. Div. 2018). ..................................... 11

Alcantara v. Wal-Mart Stores, Inc., 130 Nev. 252 (Nev. 2014) ................................................ 8, 9

Bower v. Harrah's Laughlin, Inc., 125 Nev. 470 (Nev. 2009) ....................................................... 8

Cast Art Industries, LLC v. KPMG LLP., 209 N.J. 208 (2012) ..................................................... 3

Cockerline v. Menendez, 411 N.J. Super. 596 (App. Div.), certif. denied, 201 N.J. 499 (2010)... 6

Coleman v. Eddy Potash, Inc., 120 N.M. 645 (1995) .................................................................... 5

Durham v. City and County of Erie, 171 F. App'x 412 (3d Cir. 2006) ....................................... 12

E. Dickerson & Son, Inc. v. Erns & Young, LLP, 179 N.J. 500 (2004) ......................................... 3

E. Dickerson & Son, Inc., 361 N.J. Super. 362 ............................................................................. 4

Endre v. Arnold, 300 N.J. Super. 136 (App. Div. 1997) ............................................................... 5

Five Star Capital Corp. v. Ruby, 124 Nev. 1048, 194 P.3d 709 (Nev. 2008).................... 7, 8, 9, 10

Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187 (3d Cir. 2009) ............................... 12, 13

Gilleski v. Community Medical Center, 336 N.J. Super. 646 (App. Div. 2001) ........................... 5

Gregory v. Chehi, 843 F.2d 111  (3d Cir. 1988) ............................................................................ 7

Higgins v. Thurber, 413 N.J. Super. 1  (App. Div. 2010) ............................................................ 10

Hirsch v. General Motors Corp., 266 N.J. Super. 222  (Law Div. 1993) ...................................... 4

Iqbal, 556 U.S. at 679 .............................................................................................................. 12, 13

Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3rd Cir. 1993) ................................................ 6

Lynn, 184 F. App'x at 185 ............................................................................................................ 12

Mendenhall v. Tassinari, 133 Nev. 614 (Nev. 2017) ..................................................................... 9

Mest v. Cabot Corp., 449 F.3d 503 (3d Cir. 2006) ...................................................................... 14

Morgan v. Union Cty. Bd. of Chosen Freeholders, 268 N.J. Super. 337 (App. Div. 1993) ......... 12

Nerney v. Garden State Hosp., 229 N.J. Super. 37 (App. Div. 1988) ............................................ 4

Rosenblit v. Zimmerman, 166 N.J. 391 (2001) ....................................................................... 5, 6

Rustay v. Conrail, 775 F. Supp. 161 (D.N.J. 1991) ...................................................................... 6

Smith v. Atkinson, 771 So. 2d 429 (Ala. 2000) ............................................................................ 5

Wadeer v. New Jersey Mfrs. Ins. Co., 220 N.J. 591 (2015) ........................................................ 11

Weddell v. Sharp, 131 Nev. 233, 350 P.3d 80 (Nev. 2015) ............................................. 7, 8, 9, 10

**Rules and Statutes**

N.J.A.C. 13:29-3.3 ...................................................................................................................... 14

N.J.S.A. 2A:53A-25(b) ............................................................................................................. 2, 3

N.J.S.A. 45:2B-43 ...................................................................................................................... 14

R. 4:30A ..................................................................................................................................... 10

Rule 12(b)(6) ........................................................................................................ 2, 7, 12, 13, 15

**PRELIMINARY STATEMENT**

Plaintiffs' opposition to Defendants, Sam K. Spitz, CPA and SKE Group, LLC's (collectively, "Defendants") motion to dismiss fails to set forth a legal or factual basis for denial of Defendants' motion. Much like the Complaint, Plaintiffs' opposition merely reiterates broadly that Defendants failed to produce certain accounting documents or electronically-stored information during the course of a prior Nevada litigation between Plaintiffs and Las Vegas Land Partners ("LVLP"), David Mitchell ("Mitchell"), and Barnet Liberman. ("Liberman"). In this collection action, Plaintiffs sought to recover on a previously-obtained judgment relating to Plaintiff Nype's brokerage of a deal between LVLP and Mitchell and an entity known as Forrest City Enterprises ("Forrest").

However, Plaintiffs' opposition fails to appreciate that the documents alleged to not be produced have been the subject of significant motion practice in Monmouth County under docket number MON-L-3827-18. Plaintiffs' opposition also fails to appreciate Defendants' retention policy, which provides for retention of documents for three years. Plaintiffs have still offered no authority which states Defendants are required to retain documents for longer than three years. Plaintiffs' claims for "spoliation" must be dismissed for this reason, and also because spoliation is not an independent cause of action in New Jersey. Despite arguing the existence of a "fraudulent concealment" tort, Plaintiffs' Complaint makes no mention of same.

Further, both negligence and the negligence *per se* counts of Plaintiffs' Complaint must be dismissed because Plaintiffs cannot establish privity between the parties. Plaintiffs argue that pending litigation required Defendants to hold all records allegedly not produced to Plaintiffs. Case law applying the Accountants' Liability Act is explicit that this type of "general reliance" by Plaintiffs on Defendants' accounting services does not establish privity.

1

Plaintiffs have, however, offered the certification of John Muije, Plaintiffs' litigation counsel in the Nevada collection action between Plaintiffs and LVLP, Mitchell, and Liberman. In this obviously self-serving declaration, Mr. Muije states that he was unaware of potential claims against Defendants until December 2019, when the Nevada collection action had progressed too far to include Defendants. This declaration is not credible because Defendant Spitz was deposed in March 2018. Motion practice in Monmouth County began in October 2018. During this time, Plaintiffs should have known that Defendants could be named in that lawsuit in the interest of completeness. This entire Complaint is barred by Nevada claim preclusion laws and the Entire Controversy Doctrine.

Furthermore, Plaintiffs have failed to plead both conspiracy and negligence *per se* pursuant to Rule 12(b)(6) and the principles of Twombly and Iqbal.

## LEGAL ARGUMENT

### POINT I.

**Plaintiffs' Negligence, Negligence *Per Se*, and Spoliation Claims Must be Dismissed Because Plaintiffs Cannot Establish Privity with Defendants Pursuant to the New Jersey Accountant's Liability Act, N.J.S.A. 2A:53A-25 to Assert Those Claims, As a Matter of Law.**

As set forth in Defendants' brief in support of motion to dismiss, the New Jersey Accountant's Liability Act (the "Act") specifically precludes liability for damages for negligence against a defendant accountant unless the claimant against the accountant is the accountant's client. N.J.S.A. 2A:53A-25(b)(1). When the claimant is not the accountant's client, the Act requires application of a strict, tri-partite test to determine whether the accountant is in privity with the claimant to sustain the assertion of negligence-based claims. The Act states:

> Notwithstanding the provisions of any other law, no accountant shall
> be liable for damages for negligence arising out of and in the course
> of rendering any professional accounting service unless:

      (1) The claimant against the accountant was the accountant's client; or

  (2) The accountant:

      (a) knew at the time of the engagement by the client, or agreed with the client after the time of the engagement, that the professional accounting service rendered to the client would be made available to the claimant, who was specifically identified to the accountant in connection with a specified transaction made by the claimant;

      (b) knew that the claimant intended to rely upon the professional accounting service in connection with that specified transaction; and

      (c) directly expressed to the claimant, by words or conduct, the accountant's understanding of the claimant's intended reliance on the professional accounting service[.]

[N.J.S.A. 2A:53A-25(b).]

Although cases such as E. Dickerson & Son, Inc. v. Erns & Young, LLP, 179 N.J. 500 (2004) and Cast Art Industries, LLC v. KPMG LLP., 209 N.J. 208 (2012) have dealt with other accountancy matters such as auditing services, the specific accounting services provided do not affect application of the Act.  Indeed, Plaintiff has offered no cases in which the type of accounting services affected application of the Act nor any case law which states that the Act applies only to certain types of accounting services. As an accountant who provided accounting services, the Act applies.

Nor has Plaintiff demonstrated privity under the Act. Plaintiffs offer only that the underlying Nevada litigation was sufficient to constitute a reliance by Plaintiffs on Defendants' accounting services, and specifically Defendants' preparation of tax returns. This is precisely the type of general reliance that the E. Dickerson & Son Court explicitly stated would preclude

3

liability. The Court explained that general reliance by the individual corporate stockholders of Twin County (the accountant's direct client) on annual audits was not sufficient to satisfy the statutory conditions for liability and confer a cause of action for accounting negligence. 179 N.J. at 506. As here, the mere presence of "reliance" on the accountant's services is not sufficient to establish privity. Such an application of the Act would result in successful assertion of negligence causes of action in **all** litigation and contravene the Act's intent to "restore the concept of privity to accountants' liability toward third parties." E. Dickerson & Son, Inc., 361 N.J. Super. 362 at 367. Thus, Plaintiffs have failed to demonstrate privity with Defendants and both Count III for Negligence and Count IV for Negligence *per se* should be dismissed under the Act, as a matter of law.

## POINT II.

### Plaintiff's Spoliation Claim Must be Dismissed Because Spoliation is Not An Independent Cause of Action and Plaintiff Fails to Plead Fraudulent Concealment.

Plaintiffs' opposition claims that Plaintiffs sufficiently pleads both negligent spoliation and intentional spoliation. However, as set forth in Defendants' brief in support of their motion to dismiss, spoliation is not an independent cause of action in New Jersey. Similarly, while Plaintiffs claim that a separate tort for intentional spoliation exists in New Jersey, no such claim is sufficiently plead.

### 1. A Claim for Negligent Spoliation is Decided Under a Traditional Negligence Claim, Which Plaintiffs Have Separately Plead.

New Jersey case law has recognized that spoliation is not an independent cause of action. See Hirsch v. General Motors Corp., 266 N.J. Super. 222, 246 (Law Div. 1993); Nerney v. Garden State Hosp., 229 N.J. Super. 37 (App. Div. 1988). Courts have acknowledged that the recognition of new causes of action is reserved to the Legislature and Supreme Court, who have not expressly

recognized a spoliation tort, although courts have permitted a separate tort action against a spoliator under existing tort principles. Rosenblit v. Zimmerman, 166 N.J. 391, 400 (2001).

The available remedy is a claim for *negligence*, which Plaintiffs have alleged separately. Gilleski v. Community Medical Center, 336 N.J. Super. 646, 648 (App. Div. 2001). In Gilleski, the Appellate Division relied on out-of-state authority for the proposition that claims of negligent spoliation may be resolved by applying traditional negligence principles. Id. at 652 (citing Smith v. Atkinson, 771 So. 2d 429, 432 (Ala. 2000); Coleman v. Eddy Potash, Inc., 120 N.M. 645 (1995)). Following these out-of-state principles, the Court "decline[d] to recognize negligent destruction of potential evidence as a separate tort." Ibid. The Court then proceeded to analyze the negligent spoliation claim utilizing traditional negligence principles of (1) duty; (2) breach; (3) causation; and (4) injury. Ibid. (citing Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997).

Because negligent spoliation is decided under traditional negligence principles, the Court should incorporate Plaintiffs' cause of action for negligent spoliation under the umbrella of Plaintiffs' standalone negligence cause of action. Then, the Court should apply the Accountants' Liability Act, which bars negligence claims, to dismiss same.

**2. Plaintiff Fails to Plead A Cause of Action for Fraudulent Concealment**

Although Plaintiffs do not assert "fraudulent concealment" anywhere in the Complaint, Plaintiffs now claim that the general term "spoliation" applies to this cause of action. Although also arguing that they have plead "alternative theories," it is evident from the case law that spoliation and fraudulent concealment cannot be considered a single cause of action because negligent spoliation does not exist as an independent cause of action.

To support a cause of action for fraudulent concealment, a plaintiff must sufficiently plead (1) that defendant in the fraudulent concealment action had a legal obligation to disclose evidence

5

in connection with an existing or pending litigation; (2) that the evidence was material to the litigation; (3) that plaintiff could not reasonably have obtained access to the evidence from another source; (4) that defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation; and (5) that plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed. Rosenblit at 406.

Under New Jersey law, the plaintiff must show that there was a duty to disclose because of a special relationship between the parties. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1185 (3rd Cir. 1993). The first element is essentially a question of duty, a question of law to be decided by the court. Rustay v. Conrail, 775 F. Supp. 161 (D.N.J. 1991); see also Cockerline v. Menendez, 411 N.J. Super. 596, 620 (App. Div), certif. denied, 201 N.J. 499 (2010).

Plaintiffs allege that Defendants had a legal duty to maintain and preserve "source documentation, working papers, and financial documents based on prudent retention policies, customary for professional accountants." Complaint ¶ 81.

However, these disputes were heavily litigated within motion practice in the Monmouth County subpoena action. Defendants consistently certified that these documents were no longer in Defendants' possession by the time they were requested in 2018 because of Defendants' retention policy of three years. Indeed, Plaintiffs' list of allegedly concealed documents includes numerous older documents such as "Depreciation schedules for the period of 2007 to 2012" and "Cost basis schedules for all parcels covering the period of 2007 to 2012." Complaint ¶ 59.

Plaintiffs rely upon no law whatsoever to require Defendants to remain in possession of these records years later. Defendants were not named in the prior Nevada collection action and thus could not have been required to hold the documents pending litigation. Defendants are not

6

required by statute to retain old documents. Plaintiffs have presented no case law indicating a certain amount of time for accountants to retain old documents. If anyone should have retained these documents because of a knowledge of litigation, it was LVLP, Mitchell, and Liberman. For these reasons, Plaintiffs cannot establish that Defendants owed them any duty to preserve evidence, and the fraudulent concealment cause of action must fail under Rule 12(b)(6).

### POINT III.

**The Complaint Must Be Dismissed Under the Nevada Laws and the Doctrine of Claim Preclusion**

Plaintiffs next argue that the doctrine of claim preclusion does not bar this action. Summarily, Plaintiffs argue that the prior Nevada litigation dealt with different issues than the present lawsuit. Plaintiffs also rely upon the declaration of John W. Muije, Plaintiffs' counsel in the Nevada litigation, which states that counsel "would not have felt comfortable . . . to assert the presently brought claims against Spitz until November 19, 2019." Decl. of John Muije ¶ 52.

As Plaintiff notes, the law of the issuing court governs the preclusive effect of a prior state court judgment on a subsequent diversity case. Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988). Nevada courts employ a three-part test for determining whether claim preclusion should apply: (1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case, *or* the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a "good reason" for not having done so. Five Star Capital Corp. v. Ruby, 124 Nev. 1048, 194 P.3d 709 (Nev. 2008) (third element as modified in Weddell v. Sharp, 131 Nev. 233, 350 P.3d 80 (Nev. 2015)).

However, Plaintiffs' claim that the Nevada litigation is not "based on the same set of facts and circumstances as the first suit" is incorrect. Five Star Capital Corp., 124 Nev. 1048 (Nev.

7

2008). Furthermore, the mere fact that there are no allegations of alter ego or fraudulent transfers in this action is irrelevant; the underlying facts of both lawsuits relate to the financials of LVLP, Mitchell, and Liberman. The Nevada litigation related to financial statements and to identify where LVLP, Mitchell, and Liberman's money went. Plaintiffs are trying to do the same here, as evidenced by the documents which Plaintiffs allege Defendants failed to produce and/or allegedly concealed. Both matters relate to the simple issue of LVLP's finances, distributions to avoid paying the prior judgment, and other actions taken by Defendants, LVLP, Mitchell, or Liberman to allegedly avoid payment the judgment obtained by Plaintiffs.

It should be noted that, notwithstanding claims for fraudulent concealment, spoliation, or negligence, Plaintiffs' conspiracy claim is identical to the one asserted in the Nevada litigation. The only difference is the addition of Defendants into this cause of action when they were unable to collect against Mitchell and Liberman.

To support this late addition of Defendants, Plaintiffs argue that Defendants were not in privity with LVLP, Mitchell, and Liberman. See Five Star Capital Corp. v. Ruby, 124 Nev. 1048, 194 P.3d 709 (Nev. 2008) (third element as modified in Weddell v. Sharp, 131 Nev. 233, 350 P.3d 80 (Nev. 2015)). As noted by Plaintiff, "[t]o be in privity, the person must have 'acquired an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession or purchase.'" Bower v. Harrah's Laughlin, Inc., 125 Nev. 470 (Nev. 2009). Alternatively, Defendants can establish privity by establishing that a party in the first action "adequately represented' the new defendant's "interest in the prior lawsuit." Alcantara v. Wal-Mart Stores, Inc., 130 Nev. 252 (Nev. 2014).

Privity is clearly established here where, in Nevada, the parties litigated LVLP, Mitchell, and Liberman's finances and documents relating to allegedly fraudulent transfers. Now, Plaintiffs

8

allege that Defendants were participants in allegedly fraudulent activity as well as the same "conspiracy" alleged and decided in the Nevada collection action. Of course, Plaintiffs were aware during the Nevada litigation that Defendants provided accounting services to LVLP and Mitchell. The Nevada Supreme Court has recognized that "privity is not susceptible to a clear definition." Mendenhall v. Tassinari, 133 Nev. 614, 618 (Nev. 2017). Thus, in addition to the list in Alcantara as cited by Plaintiffs, "privity may also be found in other circumstances." Mendenhall at 618.

Nonetheless, pursuant to Weddell v. Sharp, 131 Nev. 233 (Nev. 2015), privity is not a requisite to application of the nonmutual claim preclusion doctrine in Nevada, in which the Court modified the Five Star test to apply an alternative to privity – whether the plaintiff had a "good reason" for not naming defendant in a prior suit. Id. at 241. There is no "good reason" here.

Significantly, Plaintiffs argue that they discovered a basis to bring suit against Defendants as late as December 2019 at a time when it was too late to include Defendants in the Nevada lawsuit. See Decl. of John Muije. This delay is not credible, especially in light of Plaintiffs' concession that Plaintiffs were "suspicious of Defendants" during the course of the Nevada litigation. Pltf Opposition Brief at 24. Defendant Spitz and former SKE partner Ken Eisenberg were deposed as custodian records more than a year and a half prior, in March 2018. In October 2018, Plaintiffs filed a subpoena enforcement action against Defendants in New Jersey Superior Court to obtain records, apparently believing that Defendants had not been forthcoming with records. There is no cognizable basis to assert that Plaintiffs were unaware of any cause of action against Defendants at this time, especially where the entire purpose of the Nevada litigation was to collect upon the initial judgment and the allegedly concealed documents may reveal evidence of same. Plaintiffs could have and should have determined at that time that Defendants should be named as defendants. Accordingly, Plaintiffs fail to demonstrate a "good reason" for failing to

9

name Defendants in the Nevada collection action. <u>Five Star Capital Corp. v. Ruby</u>, 124 <u>Nev.</u> 1048, 194 P.3d 709 (Nev. 2008) (third element as modified in <u>Weddell v. Sharp</u>, 131 <u>Nev.</u> 233, 350 P.3d 80 (Nev. 2015)).

Finally, Plaintiffs' argument that certain courts apply a bright-line rule barring the application of the claim preclusion doctrine to claims that accrue after filing the complaint misses the mark. Even if other courts have adopted such a rule, as Plaintiff concedes, Nevada courts have not. Moreover, Plaintiffs neglect the possibility that Plaintiffs could have and should have identified Defendants as LVLP and Mitchell's accountants **prior to the Nevada collection action.** Due diligence would have revealed this fact, as Defendants provided accounting services to LVLP and Mitchell for years. Plaintiffs simply failed to identify Defendants, treated Defendants as the custodian of records in the collection action, and now wish to undo that decision to bring another lawsuit motivated only by their prior failure to collect on the judgment.

## POINT IV.

### The Entire Controversy Doctrine Bars this Action

New Jersey's Entire Controversy Doctrine provides that "Non-joiner of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required." <u>R.</u> 4:30A. "In considering the Doctrine's application, courts are to be guided by the general principle that all claims arising from a particular transaction or occurrence should be joined in a single action." <u>Higgins v. Thurber</u>, 413 <u>N.J. Super.</u> 1, 13 (App. Div. 2010) (citations omitted).

Further, "[t]hat mandate encompasses not only matters actually litigated **but also other aspects of a controversy that might have been litigated and thereby decided in an earlier action.**" <u>Id.</u> (emphasis added). However, the Doctrine does not "apply to bar component claims

10

that are unknown, unarisen, or unaccrued at the time of the original motion." Id. The Entire Controversy Doctrine will apply where there is a factual "nexus." Wadeer v. New Jersey Mfrs. Ins. Co., 220 N.J. 591, 605 (2015).

Plaintiffs argue that there was no Complaint filed and thus no "adversarial action" to which the Entire Controversy Doctrine applies. Further, Plaintiffs argue that the Monmouth County subpoena action was not an "action" in the context of litigation but a procedural tool to enforce the subpoena served upon Defendants.

However, Plaintiffs thus concede that the Monmouth County subpoena action was a mere extension of the Nevada litigation. Pltf. Brief at 29. Even more, the same exact documents allegedly concealed by Defendants were adjudicated. See Exhibit E to Motion to Dismiss. Plaintiff's present Complaint seeks word-for-word the same documents as Plaintiffs sought in the Monmouth County subpoena action by way of numerous motions. Complaint ¶ 59.

The parties in this action are the same. The issues are the same. There were no bars to asserting formal causes of action against Defendants. Plaintiffs were aware of potential causes of action against Defendants, failed to bring those claims, and filed the present action instead. These follow-up proceedings relating to identical issues are plainly in violation of the purposes for which the Entire Controversy Doctrine was adopted. See Adelman v. BSI Fin. Servs., Inc., 453 N.J. Super. 31, 39 (App. Div. 2018). Accordingly, Plaintiff's Complaint should be dismissed with prejudice pursuant to New Jersey's Entire Controversy Doctrine.

## POINT V.

**Plaintiffs Fail to Sufficiently Plead the Elements of Civil Conspiracy**

Plaintiffs next claim that they have satisfied their burden under Rule 12(b)(6) to plead a cause of action for civil conspiracy despite setting forth no more than conclusory allegations parroting the elements.

As set forth in Defendants' motion to dismiss brief, "In New Jersey, a civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.' … "To establish a conspiracy, 'it simply must be shown that there was 'a single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences.'" Morgan v. Union Cty. Bd. of Chosen Freeholders, 268 N.J. Super. 337, 365 (App. Div. 1993) (internal citations omitted).

A complaint must allege "at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn." Id. at 175 (citing Durham v. City and County of Erie, 171 F. App'x 412, 415 (3d Cir. 2006)). "This requirement is established where the complaint sets forth a valid legal theory and it adequately states the conduct, time, place, and persons responsible." Lynn, 184 F. App'x at 185 (internal citations omitted). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

Contrary to Plaintiffs' argument that the pleadings are sufficient, Plaintiffs fail to satisfy Rule 12(b)(6) and plead conspiracy vaguely and conclusively. Plaintiffs claim that Defendants and

co-conspirators Mitchell and Liberman agreed to conceal various transactions and assets of LVLP for the purposes of preventing the Plaintiffs from recovering on their claims and judgments.

However, allegations are not sufficient without something more to exceed a "mere possibility of misconduct." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679). Defendants prepared tax returns for LVLP and Mitchell. This is the extent of Defendants' involvement. Even if Mitchell and Liberman failed to produce all records in the underlying Nevada litigation, there is no basis to jump to the assumption that Defendants were part of any conspiracy. Furthermore, in the Nevada litigation, it was Mitchell and Liberman's responsibility to produce relevant documents to defend themselves. Their failures to do so, resulting in Plaintiffs' success, does not implicate Defendants here because Defendants are simply their accountants. Plaintiffs are looking to hold Defendants liable for a third-party's conduct. Additionally, Plaintiffs could have requested an authorization to receive LVLP and Mitchell's previous tax returns through the IRS. A tax account "transcript" is available for the current tax year and up to 10 years prior.[1]

Nor can Plaintiffs point to documents allegedly not produced by Defendants. As set forth, Defendants had a retention policy of three years. Utilizing this retention policy and capitalizing on it by arguing the old documents were concealed would improperly permit a plaintiff to assert causes of action against an accountant defendant in all matters involving outdated documents of which the accountant has no obligation to continue to retain. For these reasons, Plaintiffs fail to plead conspiracy under Rule 12(b)(6) and this cause of action should be dismissed.

---

[1] https://www.irs.gov/individuals/transcript-types-and-ways-to-order-them

## POINT VI.

**Plaintiffs Fail to Sufficiently Plead the Elements of Negligence *Per Se***

Plaintiffs' opposition and Complaint state that the negligence *per se* count of the Complaint is based upon the Accountancy Act of 1997, N.J.S.A. 45:2B-43 and principles of N.J.A.C. 13:29-3.3., which state general accounting principles of competence, independence, and objectivity. However, neither set forth a specific rule regarding document retention guidelines or any other rules governing this matter and Plaintiffs have not presented any in their opposition.

Simply, to assert a claim for negligence *per se*, a plaintiff must demonstrate that: (1) the statute or regulation clearly applies to the conduct of the defendant; (2) the defendant violated the statute or regulation; (3) the violation of the statute proximately caused the plaintiff's injuries; and (4) the statute's purpose is, at least in part, to protect the interest of the plaintiff individually, as opposed to the public. Mest v. Cabot Corp., 449 F.3d 503, 518 (3d Cir. 2006).

Plaintiffs do not – and cannot – dispute that neither N.J.S.A. 45:2B-43 nor N.J.A.C. 13:29-3.3 specifically provide any insight into document retention to support their claim that Defendants violated these regulations by failing to maintain and preserve various documents referred to in the Complaint. As set forth in Defendants' brief in support of motion to dismiss, these statutes set froth general accounting principles of competence, independence, and objectivity. Absent a specific provision identifying document retention policies, a negligence *per se* cause of action cannot survive because there is "statute or regulation [that] clearly applies to the conduct of defendant." Mest at 518. It is axiomatic to a negligence *per se* claim that the conduct is specifically prescribed by the statute or regulation. Plaintiffs fail to demonstrate any language in either N.J.S.A. 45:2B-43 or N.J.A.C. 13:29-3.3 which applies here.

To the extent that Plaintiffs argue that Defendants failed to comply with broad, general principles of competence, this argument would be better suited under Plaintiffs' claim for negligence. Nonetheless, Defendants reiterate that both the negligence and negligence *per se* counts should be dismissed under the Accountant's Liability Act.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an order granting Defendants' motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6).

                                                        **MARGOLIS EDELSTEIN**

                                                        /s/ Paul A. Carbon
                                                        Paul A. Carbon, Esq.
                                                        Attorney for Defendants

Dated: February 9, 2021