NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RUSSELL L. NYPE, et. al,** | Civil Action No. 20-13680 (MAS) |
| **Plaintiffs,** | |
| v. | |
| **SPITZ K. SAM, et. al,** | **MEMORANDUM OPINION** |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiffs' motion for leave to file an Amended Complaint, which, by Text Order dated 6/6/2022 (Docket Entry No. 23), the Court converted into a motion under FED.R.CIV.P. ("Rule") 6(b)(1)(B) to extend the 30-day period set by the District Court in its Memorandum Opinion and Order of 2/3/2022 for Plaintiff to file an Amended Complaint (Docket Entry No. 22). Defendants opposed Plaintiffs' motion on June 20, 2022, and Plaintiffs replied on June 28, 2022. The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiffs' motion.[1] The Court considers Plaintiffs' motion without argument pursuant to L.Civ.R. 78.1(b).

**I.    Background and Procedural History**

Plaintiffs initiated this matter on October 1, 2020, by filing a Complaint against Defendants alleging spoliation, civil conspiracy, negligence, and negligence per se. (*See generally* Compl.;

---

[1] While Plaintiffs' motion was pending, Defendants moved for leave to file a sur-reply, regarding same. (Docket Entry No. 28). By Text Order dated 10/26/2022 (Docket Entry No. 30), the District Court granted Defendants' motion for leave to file a sur-reply, also granting Plaintiffs the opportunity to respond thereto, but leaving open what, if any, consideration the Court would give the sur-reply and response. The Court addresses said issue herein as well.

Docket Entry No. 1). On December 7, 2020, Defendants moved to dismiss Plaintiffs' Complaint under Rule 12(b)(6), arguing that it failed to state a cause of action. (*See* Def. Motion to Dismiss; Docket Entry No. 10). Plaintiffs opposed the motion (*see* Pla. Brief in Opposition; Docket Entry No. 14), and Defendants filed a reply in further support of same. (*See* Def. Reply Brief to Opposition to Motion; Docket Entry No. 16).

On February 3, 2022, the District Court entered a Memorandum Opinion and Order, granting Defendants' motion to dismiss without prejudice. (Docket Entry Nos. 20 and 21). While the District Court determined that neither claim preclusion nor New Jersey's Entire Controversy Doctrine applied to Plaintiffs' claims, the District Court found that the New Jersey Accountant Liability Act barred Plaintiffs' negligence claims, and that Plaintiffs' spoliation claim failed as spoliation must be plead under fraudulent concealment and Plaintiffs did not meet the heightened pleading standard for fraudulent concealment under Rule 9(b). (*See generally* Mem. Op. of 2/3/2022; Docket Entry No. 21). As a result, the District Court dismissed Plaintiffs' spoliation claim without prejudice. (*Id.*) The District Court similarly dismissed Plaintiffs' civil conspiracy claim without prejudice since a plaintiff can only succeed on a civil conspiracy claim if there is a viable underlying tort claim, and all of Plaintiffs' asserted tort claims had been dismissed. (*Id.*) While the District Court dismissed Plaintiffs' spoliation and civil conspiracy claims without prejudice, it also permitted Plaintiffs to file an Amended Complaint within 30 days of the date of the entry of its Memorandum Opinion and Order. (Order of 2/3/2022; Docket Entry No. 20).

Plaintiffs, however, failed to file an Amended Complaint within the 30-day period originally set by the District Court. Instead, on May 31, 2022, approximately 3 months after Plaintiffs' Amended Complaint was due, Plaintiffs filed the instant motion to amend. Recognizing that the District Court had provided Plaintiffs with the opportunity to file an Amended Complaint

2

as of right, this Court, via Text Order entered on June 6, 2006, converted Plaintiffs' motion to amend into a motion for an extension of time under Rule 6(b)(1)(B). (Docket Entry No. 23). In its Text Order, the Court made it clear that it would only be considering arguments raised under Rule 6(b)(1)(B) and that it would not be considering Plaintiffs' motion under Rule 15(a)'s amendment standards. Indeed, the Court explicitly stated, "To the extent Defendants intend to oppose Plaintiffs' motion, arguing that Plaintiffs' request does not fall within Rule 6(b)(1)(B)'s excusable neglect standard, their opposition is due 6/20/2022." (*Id.*)

Defendants opposed Plaintiffs' motion on June 20, 2022. (Docket Entry No. 25). In their opposition, Defendants both argued that Plaintiffs did not establish excusable neglect for their failure to file their Amended Complaint in the 30-day window provided by the District Court and maintained that there was no basis to permit the Amended Complaint under Rule 15(a) because Plaintiffs' proposed amended fraudulent concealment claim was futile. With respect to excusable neglect, Defendants claimed that Plaintiffs failed to establish same because the reason for Plaintiffs' delay was solely within Plaintiffs' and their counsel's control, the near 3-month delay would significantly impact the state of these proceedings as it essentially equated to the entire discovery period that would have been applied to this matter, substantially delaying the resolution of these proceedings, Defendants would be prejudiced by permitting Plaintiffs to file an Amended Complaint now as there is a risk that evidence has been lost, witnesses have become unavailable and memories regarding events that occurred years ago have faded, and Plaintiffs have not established that they acted in good faith here. (*See generally* Def. Br.; Docket Entry No. 25).

Plaintiffs responded to Defendants' opposition on June 28, 2022, arguing that they established that their failure to timely file the Amended Complaint resulted from excusable neglect. (Docket Entry No. 27). In this regard, Plaintiffs claimed that the reason they failed to act

within the timeframe set by the District Court is because the protocol Plaintiffs' counsel had in place, which included having two full time staff members reviewing emails daily for evidence of court filings, who would also routinely search counsel's internal electronic database for the word "Spitz," which had in the past reliably resulted in counsel locating all notices of court filings related to this matter, inexplicably failed to isolate the February 3, 2022 filing of the District Court's Memorandum Opinion and Order. (Pl. Reply Br. at 1-2; Docket Entry No. 27). Further, Plaintiffs argued that counsel did not use the search terms "Nype" or "njdefiling" to search for relevant notices of electronic filings because these terms would have generated too many irrelevant hits, rendering them inefficient and burdensome. (*Id*. at 3). Plaintiffs also argued that they had no reason to believe that their search protocol was inadequate because, as stated above, it had successfully worked for all prior notices of electronic filing to which Plaintiffs timely responded. (*Id*. at 3-4). In addition, given the success of the aforementioned protocol, Plaintiffs contended there was nothing improper about their decision not to check the actual docket for 3 months. (*Id*. at 5). Moreover, Plaintiffs claimed that the delay at issue is not "extensive" and did not prejudice Defendants. (*Id*. at 10). Similarly, they maintained that their failure to timely act was not the product of bad faith. (*Id*. at 7). Further, Plaintiffs also argued that their proposed Amended Complaint successfully pleads a cause of action for fraudulent concealment and, therefore, should be permitted under Rule 15(a). (*See id*. at 11-21).

As noted above, after Plaintiffs' converted motion was fully briefed, Defendants moved for permission to file a sur-reply. (Docket Entry No. 28). Plaintiffs did not oppose Defendants' request, but did ask for permission to respond to the sur-reply if Defendants were granted leave to file same. (Docket Entry No. 29). By Text Order of 10/26/2022, the District Court granted Defendants leave to file the sur-reply and Plaintiffs leave to respond thereto. (Docket Entry No.

30). However, the District Court specifically reserved "on whether or not to consider Defendants' Sur-Reply or Plaintiffs' Response to the Sur-Reply." (*Id*.)

Defendants filed their sur-reply on October 31, 2022. (Docket Entry No. 31). Defendants' sur-reply did not address excusable neglect under Rule 6(b), but, instead, focused on the viability, or, lack thereof, of Plaintiffs' proposed Amended Complaint. (*See generally* Def. Sur-Reply; Docket Entry No. 31). Similarly, Plaintiffs' response to the sur-reply focused exclusively on the viability of their proposed fraudulent concealment claim. (*See generally* Pl. Response to Sur-Reply; Docket Entry No. 32).

## II. Analysis

As stated above, via Text Order entered of June 6, 2006, the Court converted Plaintiffs' motion to amend into a motion for an extension of time under Rule 6(b)(1)(B), making it clear that it would be only considering whether Plaintiffs established excusable neglect for their failure to file an Amended Complaint within the 30-day period afforded by the District Court. (Docket Entry No. 23). Thus, to the extent the parties raise arguments regarding the alleged futility of Plaintiffs' proposed amended fraudulent concealment claim and the viability of Plaintiffs' proposed Amended Complaint, the Court does not address those arguments herein. Instead, the Court focuses its analysis exclusively on whether Plaintiffs have established excusable neglect for their failure to timely act.

Rule 6(b) governs requests to extend time. Pursuant to Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for a good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." "In assessing whether a party's neglect is excusable, a court must take into account 'all relevant circumstances surrounding the party's omission,' including (1) the danger of prejudice to the

opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the cause of the delay was within the reasonable control of the moving party; and (4) whether the movant acted in good faith." *Kimberg v. Univ. of Scranton*, 411 Fed. App'x 473, 477 (3d Cir. 2010) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Instead, the Supreme Court has noted that the phrase is given its "commonly accepted meaning." (*Id*.) As such, the Supreme Court found it "not surprising . . . that in applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays." (*Id*.)

Further, in considering the cause for a party's delay, courts in the Third Circuit "often consider several subfactors originally laid out in a pre-*Pioneer* Third Circuit opinion, *Consolidated Freightways Corp. of Delaware v. Larson*, 827 F.2d 916 (3d Cir. 1987)." *Livingstone v. Haddon Point Manager, LLC*, Civl No. 19-13412 (RBK/AMD), 2021 WL 5711612, at *5 (D.N.J. Dec. 2, 2021).

> In *Consolidated*, the Third Circuit articulated a "non-exclusive list of factors to guide the district court's exercise of discretion" when trying to determine if excusable neglect exists:
> (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules or procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

6

*Id.* (citations omitted).  However, as the Supreme Court noted, "at bottom" "what sorts of neglect will be considered 'excusable'" involves "an equitable" determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Considering the aforementioned factors and all relevant circumstances, the Court finds that Plaintiffs' failure to timely file their Amended Complaint within the 30-day window provided by the District Court resulted from excusable neglect.  In reaching this conclusion, the Court finds the prejudice to Defendants to be nominal.  In this regard, the delay at issue is minimal, just under 3 months.  Moreover, the case was still in its infancy at the time of the delay.  No schedule had been entered, no trial date set, etc.  Indeed, discovery had not even begun.  Further, since the District Court specifically permitted Plaintiffs to file an Amended Complaint, Plaintiffs' request to file an Amended Complaint, although slightly delayed, should not have been overly surprising.  More importantly, it is highly unlikely that the delay in this case would result in evidence being lost, memories fading or witnesses becoming unavailable.  In addition, the Court finds that the delay at issue will have a minimal impact on these proceedings.

Turning to the cause of Plaintiffs' delay, while the reason for the delay was in Plaintiffs' control, Plaintiffs have established that they acted diligently and in good faith in an effort to avoid the delay.  While Defendants are unimpressed with Plaintiffs' system for detecting notices of electronic filings from this matter, the Court disagrees.  While other systems may have been more precise, Plaintiffs' counsel's reliance on two full time staff members checking for filings coupled with their search of counsel's internal database for the word "Spitz" was reasonable.  As Plaintiffs established, this system resulted in them timely obtaining all other filings in this matter.  The Court cannot say that their failure to timely obtain notice of the District Court's filing of its Memorandum Opinion and Order of February 3, 2022 was a reasonably foreseeable consequence of that system

when counsel's protocols successfully located earlier filed documents. Indeed, counsel would have no reason to suspect that its system was faulty. Further, there is nothing manufactured about Plaintiffs' excuse nor was counsel's failure a product of professional incompetence or ignorance of the Court's rules. Instead, the failure occurred despite counsel's good faith efforts to comply with the Court's rules and orders. Under these circumstances, the Court finds that the equities support extending the time for Plaintiffs to file their Amended Complaint so that they may do so now.

**III.     Conclusion**

For the reasons stated above, Plaintiffs' motion for an extension of time under Rule 6(b)(1)(B) is **GRANTED**. An appropriate Order follows.

Dated: December 14, 2022

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**